## H. P. RUSHING *v.* E. LOCKARD.

EJECTMENT.   *Purchaser at execution sale.   Proof of title.   Case in judgment.*

M. recovered a judgment on the 27th of February, 1877, against C. R., and on the same day B. recovered a judgment against the same defendant.   Upon these judgments executions were issued, and levied on a certain tract of land, which was sold thereunder on the 5th of August, 1878, and bought by F., who conveyed his title to L.   C. R. had, on the 31st of July, 1875, conveyed this land by deed to H. R.; but on the 15th of June, 1878, M. obtained a decree in chancery against H. R. and C. R., annulling that conveyance as fraudulent and void as to his judgment.   An appeal, with *supersedeas*, was taken from this decree, on the 5th of August, 1878, to this court, which was dismissed on the 10th of May, 1879.   In July, 1880, L. instituted an action of ejectment against H. R. to recover the land.   In this action formal proof was made of the judgments, the executions, the sheriff's deed to F., and the latter's deed to L., and also of the chancery proceeding annulling the conveyance to H. R. A copy of the judgment-roll was also adduced in evidence, which recited a judgment in favor of M. & Co. against C. R., rendered on the 26th of February, 1877.   The execution on the M. judgment was for a certain sum of money, the same as the amount of the judgment obtained by M. on the 27th of February, 1877, "with interest on said sum from the 26th of February, 1877."   The sheriff's deed also referred to the date of the M. judgment as the

26th of February, 1877. But it was proven that M. had no judgment against C. R. except that rendered on the 27th of February, 1877, and that the execution was issued upon it. The defendant, H. R., demurred to the evidence, and the demurrer was overruled. *Held*, that the judgment of B., the judgment-roll containing the enrolment of M.'s judgment, and the appeal from the decree in chancery may be left out of view, and still the demurrer was properly overruled.

APPEAL from the Circuit Court of Lauderdale County.

Hon. J. S. HAMM, Judge.

E. Lockard brought this action of ejectment on the 30th of July, 1880, against H. P. Rushing, to recover a certain tract of land claimed by the plaintiff by virtue of a sale of the land on the 5th of August, 1878, under executions upon two judgments, and the conveyance of the title in pursuance thereof to the purchaser, J. W. Fewell, who conveyed the same to the plaintiff. One of the judgments was in favor of J. D. Bryant and the other in favor of B. D. Moffat, but both being against C. E. Rushing. They were rendered in February, 1877. Lockard and H. P. Rushing, the parties to the action of ejectment, both claimed title from C. E. Rushing. H. P. Rushing claimed under a deed from C. E. Rushing, dated the 31st of July, 1875; but on the 15th of June, 1878, Moffat obtained a decree in chancery against C. E. and H. P. Rushing, declaring that deed to be fraudulent and void as to Moffat, and that the land was subject to sale under execution for the satisfaction of his judgment. On the fifth day of August, 1878, an appeal, with *supersedeas*, was taken from that decree to this court; which appeal was dismissed on the 10th of May, 1879, for want of prosecution.

The judgment-roll of the county in which Moffat's judgment was recovered showed the enrolment of a judgment in favor of B. D. Moffat & Co. against C. E. Rushing, rendered on the 26th of February, 1877, instead of a judgment in favor of B. D. Moffat against C. E. Rushing, rendered on the 27th of February, 1877, as appeared by the authenticated copy of the original judgment relied upon by the plaintiff. The execution upon the Moffat judgment and the sheriff's deed also

referred to the rendition of the judgment as on the 26th of February, 1877.

All of the facts above set forth, as well as many others, a statement of which will be found in the opinion of the court, were proven in evidence on the trial of this case. The defendant demurred to the evidence; the demurrer was overruled, and he appealed to this court.

*Frank Johnston*, for the appellant.

There was a variance between the judgment of Moffat, introduced by the plaintiff, and the execution under which his vendor purchased. The judgment offered in evidence was in favor of B. D. Moffat, rendered on the twenty-seventh day of February, 1877. The execution, on its face, shows it was issued under a judgment rendered on the twenty-sixth day of February, 1877. Moreover, the sheriff's deed to Fewell recites that it was made under a judgment in favor of Moffat rendered on February 26, 1877. Clearly, the plaintiff, to prove his title, was required to produce not only the execution and sheriff's deed, but a certified copy of the judgment. *Kane* v. *Mackin*, 9 Smed. & M. 387; *Bledsoe* v. *Little*, 4 How. 13. And the judgment offered in evidence in support of the execution and sale must be the judgment under which the execution was issued, and connect itself with and correspond to the execution.

There was a still wider variance between the judgment introduced in evidence and the enrolled judgment. The plaintiffs' names were different: in one, B. D. Moffat; in the other, B. D. Moffat & Co.

*J. W. Fewell*, for the appellee.

The title seems to me to be perfect. The discrepancy of dates and names in the judgment-roll is immaterial. As the case now appears, there was no necessity for introducing the judgment of A. D. Bryant, but it cannot be considered as anything more than surplusage. One valid execution authorized the sale. The judgment of Moffat was, *quond* these lands, binding on Horace P. Rushing, for he

was a party to the chancery proceeding in which his claim thereto was held void as to Moffat.

*L. Brame,* on the same side.

1. The conveyance from C. E. to H. P. Rushing being void as to creditors, it was competent to levy upon the land under the judgments and sell it.   H. P. Rushing was a party to the decree declaring that conveyance void.

2. The variance by which the judgment of B. D. Moffat was enrolled in the name of B. D. Moffat & Co. was immaterial. But it was competent to show by parol the clerical error in enrolling the judgment, as to the name of the plaintiff, and also the clerical error in the execution, in referring to the date of the judgment.   There was, however, no necessity to introduce the judgment-roll in evidence.   *Marsh* v. *Mandeville,* 28 Miss. 122.

CAMPBELL, J., delivered the opinion of the court.

To state this case is to decide it; for, when divested of all extraneous matter, there can be no dispute about it.

The judgment in *Bryant* v. *Rushing* may be laid out of view, with the copy of the judgment-roll showing the enrolment of the judgment in favor of Moffat and the appeal from the decree in chancery.   The case is this : —

Moffat had a judgment rendered on the 27th of February, 1877, against Charles E. Rushing, upon which execution was issued June 20, 1878, which was levied on the land sued for in this action.   The land was sold by virtue of the execution on the 5th of August, 1878, and was purchased by and conveyed to Fewell, who conveyed it to the plaintiff in the action of ejectment.   The execution commanded the sheriff to make the money (a sum corresponding with the amount of the judgment), "with interest on said sum, at eight per cent per annum, from the twenty-sixth day of February, 1877, until paid."   It was shown that Moffat had no other judgment except that in evidence, and that the execution was issued on that.   Charles E. Rushing had, on the 31st of July, 1875,

conveyed the lands sued for in this action to H. P. Rushing, the defendant in the action of ejectment, and appellant here; but Moffat, after obtaining his judgment against Charles E. Rushing, instituted a suit in chancery against Charles E. Rushing and H. P. Rushing, grantor and grantee, to vacate and annul that conveyance as being fraudulent and void as to said judgment, and obtained a final decree in accordance with the prayer of his bill.

This decree is conclusive that the conveyance of July 31, 1875, was void as to the judgment of Moffat, and, therefore, that the land it embraced was rightly subjected to said judgment. The defendant in the action claimed the land sued for by virtue of that conveyance, and it being held nugatory as to the judgment of Moffat, the purchaser under that judgment acquired the better title.

Judgment affirmed.